## HESSON v FIDELITY & CASUALTY CO

Ohio Appeals, 9th Dist, Summit Co

No 2864. Decided May 27, 1937

Myers, Dinsmore & Whittemore, Akron, for appellee.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for appellant.

## OPINION

By WASHBURN, J.

This cause is before the court upon an appeal on questions of law.

There is very little dispute on questions of fact, although some of the important facts are established by inference.

One Davidson was a licensed real estate broker under the act of the Legislature which is found in §§6373-25 to 6373-51 GC, inclusive.

Davidson, as such broker, negotiated the sale of appellee Hesson's farm, which was to be delivered free of encumbrances, and was to be paid for by a transfer of credits evidenced by passbooks upon two savings and loan companies; and when it came time to close the transaction, Hesson did not have the funds on hand to pay off a mortgage on his farm of about $625.

At Davidson's suggestion, he (Davidson) agreed to advance the money to pay off said mortgage, taking Hesson's note for the amount due on the mortgage, together with an additional sum for commission due him. The note was payable in one year, and was secured by the transfer by Hesson to Davidson of credits evidenced by the passbook of one of said savings and loan companies, the face value of which was $1692.32. The market value of said credits was 48c on the dollar.

The object and purpose of this arrangement, which was carried out except as hereinafter noted, was to avoid the cashing of the credits of said passbook on the basis of the market value at that time, and thereby to secure to Hesson the benefit of the contemplated increase in value of the credits evidenced by said passbook.

Hesson was persuaded and induced to enter into said arrangement by the false promises of Davidson to advance the money to pay off said mortgage and retain possession of said passbook for the period of at least one year. Davidson did not advance the money to pay off said mortgage, but at once and on the same day he received said passbook cashed the credits evidenced by said passbook at the market price, and used the money to pay off said mortgage, retaining the part thereof that was due him on his commission.

At the expiration of the year, Davidson failed to deliver to Hesson said passbook thus coming into his possession, and which belonged to said Hesson.

Davidson's conduct constituted dishonest dealing, and in several other particulars was clearly a failure on his part to conduct his business in accordance with the requirements of the act, supra, under which he was licensed.

Hesson brought an action against Davidson to recover damages for his wrongful conduct in reference to said transaction. A jury was waived, and the case was tried to the court; and a judgment in favor of Hesson was rendered.

An appeal was taken to the Court of Appeals, and there, by agreement of the parties, the cause was tried as a chancery action; and that court found on the issues joined in favor of Hesson, and specifically found that Davidson's conversion of said property of Hesson was "wanton, wilful and malicious" and that by reason thereof Hesson was entitled to recover not only compensatory damages but punitive damages. The amount of Hesson's damage was assessed at $544.24, and judgment was rendered therefor; but said court did not specify the amount of damage allowed as compensation nor the amount allowed as exemplary damages.

The record in this case, however, discloses that the court adopted a rule of damages for the conversion of such property that would justify the inference that the loss from the sale of the passbook (figuring the value as of the day of conversion) was only $87.31, but the court did not indicate what amount, if any, was allowed as compensation for attorney's fees which Hesson incurred in recovering said judgment, and which, under the settled law of Ohio, it clearly had a right to allow.

Thereafter, this action was brought by Hesson against the Fidelity & Casualty Co., the surety upon the bond which Davidson was required to give under §6373-35, GC, to recover damages caused by the failure of Davidson to conduct his business in accordance with the requirements of said act, and, as a part of his damage, Hesson claimed an item of $15.35 as court costs paid by him in his action against Davidson, and also specifically claimed as a part of his damage the sum of $200 which he had incurred for attorney's fees in the prosecution of said action against Davidson.

A jury was waived, and the cause was submitted to the court; and the trial judge rendered a judgment against the Fidelity & Casualty Co. in the sum of $302.66.

Assuming that such amount was made up of an item of $87.31 as loss from the sale of the passbook, an item of $15.35 as court costs paid, and that the balance of £200 was attorney's fees, which were claimed and established by proof, the only dis-

pute in this court is in reference to the item of attorney's fees.

Although the general rule is that an indemnitee is entitled to recover, as a part of the damages, reasonable attorney fees which he has incurred as a result of suits by him in reference to the matter against which he is indemnified, we need not determine whether the trial court erred in allowing such fee, because if such fee was allowed as compensatory damages in the case against Davidson, the Common Pleas Court had a right to include the same in the judgment which it rendered in this cause against the bonding company.

Evidence as to the elements of the judgment rendered by the Court of Appeals in the case against Davidson, as long as no attempt was made to vary or contradict it, was admissible in this case against the bonding company.

**State Auto. Mutual Ins. Assn. v Lind, 122 Oh St 500.**

But under the record in this case, we do not think that direct evidence on that subject was necessary.

The record clearly discloses that the circumstances were such as to justify the Court of Appeals in allowing in the case against Davidson an attorney fee as compensatory damages.

The record also discloses that according to the rule as to damages for conversion of the property, the Court of Appeals allowed $87.31, and we feel bound to assume that said judges knew and fully understood that they had a right to allow an attorney fee as **compensatory** damages, that it was not permissible to plead or prove the amount to be allowed in that case, and that the circumstances were such as plainly to require them to make such allowance in order to do justice; and the fact that the judgment rendered by that court was $456.93 in excess of the $87.31, justifies us, in view of all the circumstances shown, in inferring that a part of said sum was made up of attorney fees allowed as compensatory damages, and that at least $200 was so allowed. The undisputed evidence in the instant case establishes that such amount was reasonable and proper.

The judgment of the Common Pleas Court in the instant case is plainly within such justifiable inference, which inference is in no wise counteracted by evidence; and such construction of that judgment entirely eliminates any question of liability under the bond for exemplary damages.

In this case, we have before us a bond by a paid surety, given pursuant to the requirement of a statute, and, in determining the damages which may be recovered thereunder, we have but to determine the intention of the legislature with reference to the evils sought to be remedied; and it is evident that the Legislature intended to provide, to the public, adequate protection against the fraudulent or dishonest acts of those persons licensed under said act.

The transaction disclosed by the record in this case is plainly one against which the act was intended to protect the public, and the indemnitor in this case was clearly liable to the extent to which it was held by the Court of Common Pleas; and finding that no injustice was done the indemnitor by the judgment under review, the same is affirmed.

STEVENS, PJ, and DOYLE, J, concur in judgment.